IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERARDO SERVIN #20110623163,  )
                              )
            Plaintiff,        )
                              )
      v.                      )   No.  12 C 9408
                              )
JOHN DOES 1-4,[1]             )
                              )
            Defendant.        )

## MEMORANDUM ORDER

This Court has just received via random assignment a 42 U.S.C. §1983 ("Section 1983") Complaint filed by Gerardo Servin ("Servin") against four unidentified persons whom he describes as Area 4 detectives assigned to the Chicago Police Department station located at Harrison and Kedzie Streets in Chicago. Although of course this Court has no present way to determine the validity or invalidity of Servin's claim of violation of his constitutional rights (and no such determination is called for at this time), it is enough for now to say that the charges that he has advanced are sufficiently serious as to call for further consideration.

Before this Court turns to that subject, however, Servin's accompanying In Forma Pauperis Application ("Application") must be addressed in accordance with 28 U.S.C. §1915 ("Section 1915").

---

[1] Because the self-prepared Complaint in this action names no defendants (the identity of the detectives referred to there is unknown to the pro se plaintiff), this Court has taken the liberty of inserting "John Doe" defendants in the case caption.

In that respect the appropriate six-month period made relevant by Section 1915(a)(2) cannot be ascertained from Servin's papers--both the Complaint and the Application bear a November 6, 2012 handwritten date, while each carries a November 26 "received" stamp from the Clerk's Office (a disparity rendered even more complex when there is no way to identify the effect of the "mailbox rule" under Houston v. Lack, 487 U.S. 266 (1988)).

Because Servin's trust fund account printout from the Cook County Jail ("County Jail"), where he is in custody, spans the period between May 8 and November 6, 2012, it would cover the entire relevant six-month period if November 6 were to be treated as his filing date, but only 5-1/3 months if that operative date were November 26.

In light of the uncertainty referred to in the preceding paragraph, this Court has made a twofold calculation and has found that each produces an average monthly deposit figure close to $270. That being the case, Servin will be required to make an initial partial filing fee payment of 20% of that figure or $54 (see Section 1915(b)(1)(A)). Accordingly the Application is granted to the extent that Servin need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments.

Servin is therefore assessed that initial partial payment of $54, and the County Jail trust fund officer is ordered to collect

that amount from Servin's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

>       Office of the Clerk
>       United States District Court
>       219 South Dearborn Street
>       Chicago IL 60604
>
>       Attention:  Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Servin's name and the 12 C 9408 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this memorandum order to the County Jail trust fund officer.

After such initial payment, the trust fund officer at the County Jail (or at any other correctional facility where Servin may hereafter be confined) is authorized to collect monthly payments from Servin's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount so collected in the account exceeds $10 until the full $350 filing fee is paid.

To turn to the substance of Servin's Complaint, it clearly survives the threshold screening called for by 28 U.S.C. §1915A(a).  It is also obvious that Servin has neither the resources nor the ability to handle the case on his own. Accordingly, although he has not coupled his filing with a Motion for Appointment of Counsel on the form that is also made

available by the Clerk's Office, this Court has obtained the name of this member of the trial bar, who is appointed to represent Servin pro bono publico:

>Stephen C. Voris
>Burke, Warren, MacKay & Serritella, P.C.
>330 North Wabash Avenue
>22nd Floor
>Chicago IL 60611-3607

Lastly, an order that sets an initial status hearing date and also includes this Court's standard prehearing provisions is being entered contemporaneously with this memorandum order. Appointed counsel should promptly communicate with the Cook County State's Attorney's Office for the purpose of establishing arrangements for representation on the defense side of this case pending the identification of the individuals whom Servin is seeking to sue.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 30, 2012