IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
GERARDO SERVIN,                )
                               )
          Plaintiff            )
                               )
     v.                        )    No.  12 C 9408
                               )
JOHN DOES 1-4,                 )
                               )
          Defendants.          )
```

## MEMORANDUM ORDER

Gerardo Servin ("Servin") has been the victim of an inexcusable error. Promptly after Stephen Voris ("Voris"), the member of this District Court's trial bar who had been appointed to represent Servin pro bono publico, filed a motion to withdraw from Servin's representation ("Motion"), this Court granted the Motion. In addition, it contemporaneously dictated and had transcribed the attached May 31, 2013 memorandum order ("Memorandum"), which was intended to notify Servin (1) of the termination of Voris' representation and (2) of Servin's right and obligation "to file a statement as to why his action should survive despite the problems identified in the Motion."

Since that time this Court has awaited Servin's response, meanwhile allowing him substantial additional time to act in case the originally allotted time proved inadequate. To this Court's dismay it has just learned, upon a follow-up inquiry into the matter, that its Memorandum had never found its way to the court docket as an order and thus had presumably not been transmitted

to Servin.

As stated at the outset of this memorandum order, that error cannot be excused, but there is no point in trying to track down just where the ball got dropped after the Memorandum was completed and signed. Instead Servin is ordered to prepare and file the statement referred to in that Memorandum (a copy of which is attached to this order) and to cause it to be received in this Court's chambers on or before August 26, 2013. Again if no such statement is received, or if Servin has timely filed a statement but has failed to counter the contentions and conclusion expressed in the Motion, this Court will be constrained to dismiss this action.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 5, 2013

IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                             EASTERN DIVISION

GERARDO SERVIN,                  )
                                 )
          Plaintiff              )
                                 )
     v.                          )      No.  12 C 9408
                                 )
JOHN DOES 1-4,                   )
                                 )
          Defendants.            )

                            MEMORANDUM ORDER

     When Gerardo Servin ("Servin") filed a pro se Complaint asserting that four unidentified members of the Chicago Police Department had violated his constitutional rights, this Court appointed a member of the District Court trial bar--Stephen Voris ("Voris")--to represent Servin pro bono publico.  After having looked into the factual background for Servin's claims and engaging in the legal research required to evaluate them, Voris has filed a Motion To Withdraw ("Motion") from Servin's representation, providing the civil case equivalent of what has become known in criminal jurisprudence as an <u>Anders</u> brief (see <u>Anders v. State of California</u>, 386 U.S. 738, 744 (1967)).  This Court has granted Voris' Motion, for it never binds an unwilling client to his or her lawyer or an unwilling lawyer to his or her client (pretty much the equivalent of no-fault divorce).

     But the consequence of a plausible <u>Anders</u> brief is that the client must be given the opportunity to respond as to why the claim or claims advanced in the lawsuit is or are not legally

frivolous, as the <u>Anders</u> brief asserts.  Accordingly Servin, who has previously been sent a copy of the Motion by Voris, is ordered to file a statement as to why his action should survive despite the problems identified in the Motion.  If no such responsive statement is received in this Court's chambers on or before June 26, 2013, or if Servin has timely filed a statement but has failed to counter the contentions and conclusion expressed in the Motion, this Court will be constrained to dismiss this action.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 31, 2013